Nicholson, C. J.,
delivered the opinion of tbe court.
In 1866 Thurman became the stayor of a judgment against Speckle for $240, which he had to pay, and thereby became a creditor of Speckle. As such creditor he filed this bill to subject to sale a lot in Obattanooga, tbe legal title of which was in the wife of Speckle, upon the allegation that the lot was conveyed to her to defraud Speckle’s creditors. It is alleged in the bill, and admitted in the answer, that in 1860, Speckle was the owner of the lot, and conveyed the same to his wife, Christiana. A bill was filed by Taylor, a creditor of Speckle, attacking tbe conveyance as fraudulent, and the chancellor so decreed, and ordered the lot to be sold to' satisfy Taylor’s debt. At the sale P. Mandre was the purchaser, at $602, and executed his note therefor at six months. The sale was confirmed, and the title vested in Mandre. The debt of Taylor was paid. Afterwards Mandre agreed with Speckle’s wife that upon her paying $250, the title might be decreed to her, subject to the lien for unpaid taxes. This was done, and a deed was made by Mandre to Mrs. Speckle, which was duly rgistered in 1872.
The allegation is, that this arrangement between Mandre and Mrs. Speckle, by which she became vested with the title, was fraudulent as against Speckle’s creditors, because *381 there was no consideration for the conveyance by Mandre to Mrs. Speckle, or if there was any consideration, it was only $250', which was grossly inadequate, as the lot was worth thousands of dollars. These allegations, so far as they charge fraud and want of consideration, are denied on oath, and it is shown that Mrs. Speckle sold a .portion of the lot to Henry Manz, who paid the balance due to Mandre. ’
The chancellor held the deed from Mandre to Mrs. Speckle fraudulent and void, and ordered the lot to be sold to satisfy complainant’s debt against Speckle. We are unable to find any proof in the record which sustains the allegations of fraud — all of which are denied on oath in the answer. The title to the lot was vested in Mandre by his purchase at the master’s sale. Speckle ceased to have any further title to the property. Mandre had a right, after satisfying the debt to Taylor, to make such disposition of the lot as he chose.
We are of ppinion that complainant has failed to make out a case for relief, and'that the decree of the chancellor was erroneous, and must be reversed, so far as it sets aside the deed from Mandre to1 Mrs. Speckle, and orders a sale of the lot. Complainant is entitled to his judgment against Speckle.
The costs of the case will be paid by complainant.